# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                    )
       v.                    )      ID No. 1206001558
                                    )
ONEIL ROSE,               )
                                    )
    Defendant.          )

## ORDER

This 16th day of September, 2019, upon consideration of Defendant Oneil Rose's ("Defendant") *pro se* Motion for Postconviction Relief (the "Motion"),[1] the Court finds:

1. Defendant's Motion is a third motion for postconviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61"). Defendant filed his second Rule 61 motion on April 20, 2016, which was denied.[2]

2. Rule 61(d) explicitly bars successive motions and states that no second or subsequent postconviction motion is permitted unless the movant was convicted after a trial and the motion either:

    (i)    pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

    (ii)   pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States

---

[1] D.I. 96.
[2] D.I. 95.

Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

3. Defendant asserts three grounds for relief, only one of which asserts actual innocence on the basis of new evidence or new retroactively applicable law. Ground One (1) asserts that new evidence creates a strong inference that Defendant is actually innocent of Possession of a Firearm By a Person Prohibited. The remaining claims are procedurally barred. DE Super. Ct. R.61(d)(2).

4. Defendant's "new evidence" consists of a written decision by an Immigration Judge in Defendant's 2005 removal proceedings. Defendant relies on language in the decision that discusses the insufficiency of evidence, in that proceeding, to establish that Defendant was convicted of an aggravated felony in the immigration context.

5. However, the Immigration Judge conducted a tailored analysis to determine if a conviction under Delaware criminal law qualifies as an aggravated felony solely for the purposes of removal under federal immigration law. That analysis was purely legal because Immigration Judges are restricted from considering the underlying facts of the case, and must conform their analysis only to statutory language and conviction documents. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (U.S. 2016).

6. Here, Defendant was previously convicted of Assault in the Second Degree on July 30, 2004, which is a qualifying felony to prohibit a person from thereafter owning or possessing a firearm.

7. Defendant appears to challenge his person prohibited status on the basis that his prior Assault Second conviction did not satisfy the requirements to earn him a subsequent person prohibited status.

8. Defendant incorrectly concludes that the Immigration Judge's finding, that Defendant's Assault conviction does not qualify as a crime of violence in the immigration removal context, means that the crime should not be a crime of violence that triggers 11 Del.C. §1448(a)(1), Possession of a Firearm by a Person Prohibited. Assault in the Second Degree is a Class D Felony under Delaware Criminal Law, which makes it a qualifying conviction for purposes of establishing Defendant as a person prohibited.

9. Therefore, the written decision does not raise a strong inference of Defendant's innocence, because the Immigration Judge did not consider any of the factual evidence from Defendant's conviction and did not establish that 11 Del.C. § 612 Assault in the Second Degree is a non-qualifying crime under 11 Del.C. §1448(a)(1).

3

For the foregoing reasons, Defendant's Motion for Postconviction Relief is

**DENIED.**

 **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Oneil Rose (SBI #00511629)